IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUSSELL CANNON | § | |
| | § | |
| | § | |
| VS. | § | NO. _____ |
| | § | |
| | § | |
| UNITED STATES OF AMERICA; | § | |
| UNITED STATES POSTAL SERVICE; | § | |
| AND LENEL MICHELLE ALLEN | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW RUSSELL CANNON (hereinafter referred to as "PLAINTIFF"), and files this Original Complaint against UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE, and LENEL MICHELLE ALLEN (hereinafter referred to as "DEFENDANTS"), and for cause of action would respectfully show unto the Court as follows:

(1)   This action arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§1346(b), 2671 et seq., and the provisions of 39 U.S.C. §409.  This Court possesses jurisdiction under the provisions of 28 U.S.C. §1346(b)(1) and 39 U.S.C.§409(a), and sovereign immunity is waived under the FTCA.

(2)   Pursuant to 28 U.S.C. §1402(b), venue of this cause of action is proper in this judicial district based upon the Plaintiff's residence, and the location where the acts and/or omissions made the basis of this lawsuit occurred.

(3)  Plaintiff would show that all conditions precedent to recovery under the FTCA have occurred to date.  Pursuant to 28 U.S.C. §2675(a), Plaintiff presented his claim

within two years from the date of its accrual, and the claim was received by Defendant UNITED STATES POSTAL SERVICE via certified mail, return receipt requested. Defendant UNITED STATES POSTAL SERVICE thereafter acknowledged receipt of Plaintiff's claim.  However, more than six months have elapsed since Defendant UNITED STATES POSTAL SERVICE's receipt of Plaintiff's claim, and as of the date of filing of this complaint, Plaintiff has not received a final disposition of his claim via registered or certified mail.  Pursuant to 28 U.S.C. §2675(a), Plaintiff has elected to treat the lack of a disposition of his claim as a final denial, and has accordingly proceeded with this filing of this complaint.

(4)  Defendant UNITED STATES OF AMERICA is a governmental entity. Pursuant to Fed. R. Civ. P. 4(i)(1), the Defendant UNITED STATES OF AMERICA may be served by (A) delivering copies of the summons and Plaintiff's Original Complaint to John G.E. Marck, Acting United States Attorney for the U.S. Southern District of Texas, 1000 Louisiana St., Ste. 2300, Houston, Texas 77002, and (B) by sending copies of the summons and Plaintiff's Original Complaint by certified mail to Todd Blanche, Acting Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001.

(5)  Defendant UNITED STATES POSTAL SERVICE is a governmental agency or corporation of the United States.  Pursuant to Fed. R. Civ. P. 4(i)(2), the Defendant UNITED STATES POSTAL SERVICE may be served by and through the Defendant UNITED STATES OF AMERICA by (A) delivering a copy of the summons and Plaintiff's Original Complaint to John G.E. Marck, Acting United States Attorney for the U.S. Southern District of Texas, 1000 Louisiana St., Ste. 2300, Houston, Texas 77002, (B)

by sending copies of the summons and Plaintiff's Original Complaint by certified mail to Todd Blanche, Acting Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and (C) by sending copies of the summons and Plaintiff's Original Complaint by certified mail to Defendant UNITED STATES POSTAL SERVICE, 475 L'Enfant Plaza SW, Washington, D.C. 20590.

(6)   At the times material to this lawsuit, Defendant LENEL MICHELLE ALLEN has been an employee of Defendant UNITED STATES POSTAL SERVICE, and has been sued herein for an act or omission occurring in connection with her duties performed on behalf of the United States.   Pursuant to Fed. R. Civ. P. 4(i)(3), the Defendant LENEL MICHELLE ALLEN may be served (A) by and through the Defendant UNITED STATES OF AMERICA by delivering a copy of the summons and Plaintiff's Original Complaint to John G.E. Marck, Acting United States Attorney for the U.S. Southern District of Texas, 1000 Louisiana St., Ste. 2300, Houston, Texas 77002, (B) by sending copies of the summons and Plaintiff's Original Complaint by certified mail to Todd Blanche, Acting Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530-0001; and (C) by delivering copies of the summons and Plaintiff's Original Complaint pursuant to Fed. R. Civ. P. 4(e) upon Defendant LENEL MICHELLE ALLEN at her dwelling or usual place of abode, 15609 Broadway Bend, Conroe, Texas 77302, or at such other location where this Defendant may be found.

(7)   This case arises from a motor vehicle collision.   On or about January 4, 2024, Plaintiff RUSSELL CANNON was traveling on Sjolander Road in Harris County, Texas, when a postal vehicle operated by Defendant LENEL MICHELLE ALLEN suddenly exited from a private drive and collided with Plaintiff's vehicle.

(8)    Plaintiff contends that the acts and/or omissions of Defendant LENEL MICHELLE ALLEN constituted negligence under the common law of the State of Texas, including but not limited to the following:

(a)  Failing to keep a proper lookout;

(b)  Failure to yield the right-of-way while exiting a private drive;

(c)  Failing to take proper evasive measures to avoid a collision; and

(d) Such other and further acts and/or omissions that may be established at trial. Said negligence on behalf of Defendant LENEL MICHELLE ALLEN served as a proximate cause of the collision in question and the damages for which recovery is sought herein.

(9)   Plaintiff further contends that the acts and/or omissions of Defendant LENEL MICHELLE ALLEN constituted negligence per se.  Under sections 545.155 and 545.256 of Texas Transportation Code, Defendant LENEL MICHELLE ALLEN was required to yield the right-of-way while exiting from a private drive. Defendant LENEL MICHELLE ALLEN's unexcused violation of the foregoing statutory code of conduct constituted negligence per se under Texas law.

(10)    Based upon knowledge and belief, Defendant LENEL MICHELLE ALLEN was serving in the course and scope of her employment with the Defendants UNITED STATES POSTAL SERVICE and UNITED STATES POSTAL SERVICE at the time of the above-described negligent acts and/or omissions.  Under the theory of respondent superior, Defendants UNITED STATES OF AMERICA and UNITED STATES POSTAL SERVICE are vicariously liable for the negligent acts and/or omissions of Defendant

LENEL MICHELLE ALLEN, and for the Plaintiff's damages proximately caused by the same.

(11)  Plaintiff seeks the recovery of $250,000.00 in this cause, based upon the following elements of damages:

(a)    Medical and health care expenses incurred in the past;

(b)    Medical and health care expenses that, in a reasonable probability, will be incurred in the future;

(c)    Past and future physical pain;

(d)    Past and future mental anguish and suffering;

(e)    Physical impairment, past and future;

(f)    Property damages;

(g)    Costs of Court; and

(h)    Such other damages that may be established at the time of trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as required by law, and upon final trial and hearing hereof, the Plaintiff have and recover damages from the Defendants, together with costs of court, pre-judgment and post-judgment interest at the legal rate, and such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

LAW OFFICES OF SCOTT C. LANNIE, P.C.

/s/ *Scott C. Lannie*

_____

BY:    SCOTT C. LANNIE
       Attorney for Plaintiff
       Amegy Bank Building
       1300 Rollingbrook Drive, Suite 612
       Baytown, Texas  77521
       Telephone: (281) 303-9200
       Facsimile: (281) 303-8280
       State Bar No. 11937350
       SDTX Bar No. 12352
       Email: sclannie@aol.com